UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TARA B. GERMAIN,

                    Plaintiff,

      -against-

THE COUNTY OF SUFFOLK, COMMISSIONER
RONALD F. FOLEY, individually and in his official
capacity as Commissioner of the Suffolk
County Park Department, and DAVID BREWER,
Individually and in his official capacity as Chief
of Suffolk County Park Police,

                  Defendants.
----------------------------------------------------------------X

Docket No. 07-CV-2523
(LDW)(ARL)


ANSWER

       Defendants, THE COUNTY OF SUFFOLK, COMMISSIONER RONALD F.

FOLEY, individually and in his official capacity as Commissioner of the Suffolk County

Parks Department, and DAVID BREWER, Individually and in his official capacity as

Chief of Suffolk County Park Police, by their attorney, CHRISTINE MALAFI, by Chris

P. Termini, answering plaintiff's Complaint respectfully alleges:

       1.      The allegations contained in paragraph numbered "1", "3", "4" and "5" of

the Complaint characterize the legal action being brought and purport to invoke the

jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants

make no answer save to demand strict proof thereof and to deny any conduct giving rise

to any cause of action thereunder.

       2.      Deny the allegations contained in paragraphs numbered "2", "6", "15"

"21", "23", "26", "28", "29", "30", "31", "32", "33", "34", "35", "36", "42", "43", "44",

"45", "46", "47", "48", "49", "50", "51", "53", "55", "57", "58", "59", "60", "62", "63",

"64", "66", "68", "69", "70", "71", "73", "75", "76", "77" and "78" of the Complaint.

3.      Deny the allegations contained in paragraph numbered "12" of the Complaint, except admit that plaintiff is a full-time female police officer employed by Suffolk County since April 15, 2002.

4.      Deny the allegations contained in paragraph numbered "14" of the Complaint, except admit that six female police officers sued the County and its police department.

5.      Deny the allegations contained in paragraphs numbered "16", "17" and "18" of the Complaint, except admit the existence of a decree, and refers all questions of law to the Honorable Court.

6.      Deny the allegations contained in paragraph numbered "22" of the Complaint, except admit that plaintiff wears a uniform, including a bullet-proof vest, and carries a service weapon on her belt, in addition to 2 magazines, and ASP baton, pepper spray, 2 sets of handcuffs and a radio.

7.      Deny the allegations contained in paragraph numbered "25" of the Complaint, except admit that Officer Germain requested a limited duty assignment due to her pregnancy.

8.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "37" of the Complaint.

9.      Answering paragraph numbered "52" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "51" inclusive, with the same force and effect as if the same were set forth at length herein.

10.     Answering paragraph numbered "54" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "53" inclusive, with the same force and effect as if the same were set forth at length herein.

11.     Answering paragraph numbered "61" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "60" inclusive, with the same force and effect as if the same were set forth at length herein.

12.     Answering paragraph numbered "65" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "64" inclusive, with the same force and effect as if the same were set forth at length herein.

13.     Answering paragraph numbered "72" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "71" inclusive, with the same force and effect as if the same were set forth at length herein.

14.     Answering paragraph numbered "74" of the Complaint, defendants repeat, reiterate and reallege each and every admission and denial to the paragraphs numbered "1" through "73" inclusive, with the same force and effect as if the same were set forth at length herein.

## AFFIRMATIVE DEFENDSES

15.      That the Complaint fails to state a claim upon which relief can be granted.

16.      That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and or negligent conduct.

17.      That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

18.      That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

19.      That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

20.      That the doctrines of *respondeat superior* and vicarious liability do not apply to a civil rights claim.

21.      That municipal defendants are not liable for punitive damage awards.

22.      That the plaintiff has failed to comply with the rules governing with filing a claim with the Equal Employment Opportunity Commission and/or State Division of Human Rights as a condition precedent to filing a federal claim under Title VII.

23.      That defendants' actions, if any, were justified by the facts and circumstances presented.

24.      That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.  The defendants

acted in what they did solely pursuant to their duties and responsibilities as law

enforcement and/or prosecuting officials.

25.     To the extent that the Complaint purports to set forth any supplemental

state law claims, they are barred by the plaintiff's failure to comply with the statutory

conditions precedent to commencement of an action against municipal defendants as set

forth in the New York General Municipal Law.

26.     The Court lacks subject matter jurisdiction to hear this Complaint

WHEREFORE, defendants demand judgment against the plaintiff dismissing the

complaint, together with costs, disbursements and reasonable attorneys' fees of this

action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       July 17, 2007

                                          Yours, etc.

                                          CHRISTINE MALAFI
                                          Suffolk County Attorney
                                          Attorney for Defendants
                                          Office & P.O. Address
                                          H. Lee Dennison Building
                                          100 Veterans Memorial Highway
                                          P.O. Box 6100
                                          Hauppauge, NY 11788-0099
                                          (631) 853-4049

                                   By:    S/ Chris P. Termini
                                          CHRIS P. TERMINI/CPT 2693
                                          Assistant County Attorney


To:     Tara Germain, pro se
        4 Browning Street
        St. James, New York 11780