UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TARA B. GERMAIN,

                    Plaintiff,

        -against-


THE COUNTY OF SUFFOLK, COMMISSIONER
RONALD F. FOLEY, individually and in his official                      
capacity as Commissioner of the Suffolk County          07-CV-2523
Park Department, and DAVID BREWER,                (LDW)(ARL)
individually and in his official capacity as Chief of
Suffolk County Park Police,

                    Defendants.
-----------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

      Plaintiff submits this Memorandum of Law in support of her Motion for Partial Summary

Judgment pursuant to Federal R. of Civ. Procedure 56.

      Plaintiff, who is a Police Officer employed by the Parks Department of Suffolk County

since 2002, filed this action for discrimination and contract violation on June 22, 2007. Docket

#1. On October 15, 2007 Plaintiff filed an Amended Complaint. Docket #14. The basis of her

claim is that when she became pregnant and it was certified by her doctor that she could not

perform full duty police work her request to be placed on limited duty during the course of her

pregnancy was denied. For her Fifth Cause of Action in the Amended Complaint, Plaintiff

claims that Defendants' refusal to allow her husband, a Suffolk County Police Officer, to transfer

his accrued sick leave for her benefit constitutes retaliation in violation of 42 U.S.C. §1983, 42

U.S.C. 2000e *et seq* (Title VII) and New York State Executive Law §296 (State Human Rights
Law).  Docket #14.

## STATEMENT OF FACTS

Plaintiff was hired as a Police Officer by Suffolk County on April 15, 2002.  Goodman
Aff. Exh. A, Stip. Facts ¶ 3.  On April 23, 2007 she submitted a doctor's note to David Brewer,
Chief of Parks Department Police, stating that she was pregnant and, as a consequence, unable to
perform full police duty.  She requested a light duty assignment.  Goodman Aff. Exh. A, Stip.
Facts ¶8.  The next day Defendants denied the request.  Goodman Aff. Exh. A. Stip. Facts ¶9.
Because Plaintiff's pregnancy precluded her ability to work full duty, on April 24, 2007 she was
forced to take a leave from her position as a Police Officer with the Parks Department.
Goodman Aff. Exh. A, Stip. Facts ¶10.  Plaintiff was allowed to use her accrued sick, vacation
and personal leave until exhausted.  Goodman Aff. Exh. A, Stip. Facts ¶11.  Thereafter, she was
forced on to an unpaid leave of absence from August 5, 2007 to April 21, 2008.  Goodman Aff.
Exh. A, Stip. Facts ¶¶12, 13.

On June 28, 2007 Plaintiff's husband, Damian Germain, a Sergeant with the Suffolk
County Police Department, petitioned Jeffrey Tempera, the Suffolk County Director of Labor
Relations ("Tempera") requesting the right to transfer his accumulated accrued paid leave time
to and for the benefit of the Plaintiff.  Goodman Aff. Exh. B.  Suffolk County permits the
transfer of accrued leave with the Union's consent, but the decision whether to grant permission
is in the discretion of the Director of Labor Relations.  Goodman Exh. F, Tempera Dep. Tr. 54-
58.  Both effected Unions concurred in the request.  Goodman Aff. Exh. C and D.

On July 11, 2007 Tempera denied Damian Germain's request to transfer the accrued leave to Plaintiff Tara Germain.  In denying the request, Tempera stated explicitly that he would not even consider it so long as Germain pursued her court action.  Goodman Aff. Exh. E.

## LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary Judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Regis v Metropolitan Jewish Geriatric Center,* 2000 WL 264336*7 (E.D.N.Y Jan. 11, 2000) citing *Celotex Corp., v Catrett,* 477 U.S. 317, 322 (1986).  To rebut the motion for Summary Judgment, the non-moving party must raise a genuine issue of material fact.  The non-moving party may not rely on "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd., v Federal Express Corp.,* 247 F. 3d 423, 428 (2nd Cir. 2001).  See *First National Bank of Arizona v Cities Serv., Co.,* 391 U.S. 253, 289-90 (1968), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

Here, Summary Judgment is warranted on Plaintiff's Fifth Cause of Action since she has proffered uncontested evidence which unequivocally establishes retaliation in violation of Title VII, 42 U.S.C. §1983 and the New York State Executive Human Rights Law, §296 *et seq.*

## POINT I

### DEFENDANTS' ADMISSION AS TO ITS REASON FOR REFUSING TO GRANT PLAINTIFF'S REQUEST CONCLUSIVELY PROVIDES RETALIATORY MOTIVE

To establish a claim of retaliation on Summary Judgment, a Plaintiff must show that (1) she engaged in a protected activity; (2) the employer was aware of her participation; (3) there was

an adverse employment action; (4) there is a causal connection between the protected activity and the adverse action. *Tomka v Seiler Corp.,* 66 F. 3d 1295, 1308 (2nd Cir. 1995); *Cosgrove v Sears Roebuck & Co.,* 9 F. 3d 1033, 1039 (2d Cir. 1993). Title VII "is violated when a retaliatory motive plays a part in adverse employment actions towards an employee, <u>whether or not it was the sole cause</u>." *Cosgrove,* 9 F. 3d at 1039 (emphasis added).

In this matter, there is no question but that retaliation was a motivating factor in the adverse action. Plaintiff participated in a protected activity by the filing of this action which was known to Defendants. An adverse action was taken against her, that is: denial of the use of her husband's paid leave, thus forcing her to take 9 months of unpaid leave where she lost not only her salary, but her benefits, including denial of seniority accrual. Finally what is usually the hardest part of this claim to prove, which is the causal connection, is here totally admitted.

The Director of Labor Relations, Jeffrey Tempera, in his deposition made it very clear that it was his decision to make as to whether to grant the request to transfer accrued leave for the benefit of the Plaintiff. Tempera testified at his deposition that the affected Unions need to concur in the request, which they had in this case. Goodman Aff. Exhs. C & D. He further testified that such transfer of leave had been previously approved for pregnancy related issues. And finally, most astonishingly, Tempera conceded in his written refusal that he would not "even explore the possibility of [granting the request] while this matter is litigated." He went on to say "If, however, you and your wife decide to terminate any legal action and sign the applicable general release form, I would contact the various parties involved and attempt to accommodate your request." Goodman Aff. Exh. E. In other words, as long as there was a pending action, a perfectly legitimate request for an accommodation would not even be explored. Jeffrey Tempera

-4-

handed this claim to Plaintiff on a golden platter. There simply are no contested facts from which a jury could find that retaliation was not a motivating factor in the denial of the accommodation.

## CONCLUSION

For the above stated reasons, Plaintiff Motion for Partial Summary Judgment should be granted as should her request for damages associated with that denial.

Dated: New York, New York
      February 10, 2009

**LAW OFFICES OF JANICE GOODMAN**

By: _____
      Janice Goodman (0487)
      275 Seventh Avenue, Suite 2300
      New York, New York 10001
      (212) 869-1940