UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TARA B. GERMAIN,

         Plaintiff,

    – against –

THE COUNTY OF SUFFOLK, COMMISSIONER
RONALD F. FOLEY, individually and in his
official capacity as Commissioner of the Suffolk
County Park Department, and DAVID BREWER,
individually and in his capacity as chief of Suffolk
County Park Police,

         Defendants.

-----------------------------------------------------------------X

07 CV. 2523
(LDW)(ARL)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* REGARDING INTRODUCTION OF *LOCHREN* VERDICT AND SUBSEQUENT STIPULATION AND ORDER

      Plaintiff Tara Germain ("Germain") submits this Memorandum of Law in support of her motion *in limine* seeking denial of Defendants objection to the introduction of documents and testimony relating to the June 14, 2006 verdict against Defendant County of Suffolk (the "County") in *Lochren v. County of Suffolk*, CV 01-3925 (LDW)(ARL) (E.D.N.Y.) (the "*Lochren* verdict") and the Stipulation and Order the County agreed to in that case on January 1, 2007 (the "Stipulation and Order") (collectively, the "*Lochren* documents").

      Defendants have objected to this evidence solely on the ground of relevancy under Federal Rule of Evidence 402. This objection is specious for several reasons. The *Lochren* verdict and the Stipulation and Order go to the very heart of Plaintiff's First, Second, and Third causes of action and accordingly are relevant, probative and, therefore, admissible at that.

# I.   THE *LOCHREN* DOCUMENTS ARE RELEVANT TO PLAINTIFF'S FIRST CAUSE OF ACTION.

Plaintiff's First Cause of Action alleges that Defendants' unwritten light duty policy –
which reserves such assignments only for those officers injured on the job – has an unlawful
disparate impact on pregnant women and intentionally discriminates against them under state
and federal law.  Despite Defendants' knowledge of the *Lochren* verdict and their participation in
the subsequent Stipulation and Order,[1] they deliberately disregarded both and continued
applying the same light duty policy to Plaintiff when she requested it in April 2007.  Such
evidence plainly is relevant to show their intentional discrimination.

## A.   The *Lochren* Documents Demonstrate Defendants' "Motive," "Intent," and "Knowledge" Under Rule 404(b).

Under Federal Rule of Evidence 404(b) evidence of prior wrong acts is relevant to
demonstrate a defendant's intent if (1) the prior act required the same intent as the current case
alleges and the jury could find that defendant committed the extrinsic act and (2) the probative
value outweighs the prejudice. *United States v. Glen-Archila* 677 F.2d 809 (11th Cir. 1982);
*United States v. McMahon*, 592 F.2d 871 (5th Cir. 1979), *cert. denied* 442 U.S. 921 (1979). It
has long been settled in the Second Circuit that such evidence also can be admitted to show
willfulness. *See, e.g.*, *United States v. Chestnut*, 533 F.2d 40, 49 (2d Cir. 1976), *cert. denied*, 429
U.S. 829 (1976); *United States v. Papadakis*, 510 F.2d 287, 294 (2d Cir. 1975), *cert. denied*, 421
U.S. 950 (1975). The probative value of such evidence is dependent on the "existence of a close

---

[1]   In *Lochren*, a jury found that the County's policy constituted both disparate impact and
disparate treatment discrimination.  The Stipulation and Order states, "At no time shall
Defendants that provide pregnant officers who request limited duty, upon presentation of a
doctor's note, with fewer than six months of limited duty during the period of their pregnancies."
Stipulation and Order ¶ 4, Affirmation of Janice Goodman, Exhibit B. This language is universal
and mandatory, and does not distinguish between County Police Officers and Park Police
Officers, or the light duty policy applicable to each.

parallel between the crime charged and the acts shown." *United States v. Chestnut*, 533 F.2d at

49 (2d Cir. 1976) (quoting *United States v. Leonard*, 524 F.2d 1076, 1091 (2d Cir.1975)).

Courts in the Second Circuit also have consistently relied on Rule 404(b) to specifically

approve admission of consent decrees in civil as well as criminal actions. *See Brady v. Wal-*

*Mart Stores, Inc.*, 531 F.3d 127, 136 (2d Cir. 2008) (holding that trial judge properly admitted a

consent decree to show that the defendant was aware of its obligations under the ADA); *United*

*States v. Gilbert,* 668 F.2d 94, 97 (2d Cir.1981), *cert. denied* 456 U.S. 946 (1982) (holding that a

consent decree was properly admitted for the purpose of showing that the defendant was aware

of SEC reporting requirements); *Brotman v. National Life Ins. Co.*, No. 94 CV 3468 (SJ),1999

U.S. Dist. LEXIS 22379, at *5 (E.D.N.Y. Jan. 22, 1999) (admitting a consent decree under Rules

404(b) and 408 to prove motive); *United States Surgical Corp. Secs. Litig. v. Hirsch*, No.

3:92cv374(AHN), 1995 U.S. Dist. LEXIS 20895, at *77 (D. Conn. Apr. 12, 1995) (holding that

a prior consent decree may be admissible under Rule 404(b) to prove intent to commit securities

fraud and knowledge of SEC regulations).

Here, Plaintiff seeks to introduce evidence regarding the Defendants' prior treatment of

pregnant Suffolk County Police Officers – treatment that was found to have an unlawful

disparate impact on pregnant women – that was both recent in time and identical in form to the

Defendants' treatment of Plaintiff.  Moreover, Plaintiff seeks to introduce the *Lochren*

documents to demonstrate that Defendants were made aware of their obligations under federal

anti-discrimination law prior to denying Plaintiff light duty, yet willfully disregarded them.  All

of these factors reflect knowing, intentional discrimination against Plaintiff and plainly are

relevant to her First Cause of Action.

**B.      It Is Well-Settled That Comparator Evidence Is Relevant To Prove An Employer's Intentional Discrimination.**

Evidence regarding the *Lochren* case also is relevant because it shows that the County discriminated against other similarly-situated law enforcement officers.  It is undisputed that a plaintiff in an employment discrimination case may introduce evidence of an employers' discriminatory treatment of similarly-situated co-workers to show intentional discrimination. Indeed, the Supreme Court recently held that such evidence can be relevant and probative even if the similarly-situated co-workers did not work for the plaintiff's own supervisor or even in the same work area as the plaintiff.  *Sprint v. Mendelsohn*, 128 S. Ct. 1140, 1147 (2008) (decision whether to admit comparator evidence "is fact based and depends on many factors, including how closely related the evidence is to . . . [the plaintiff's] circumstances and theory of the case"). *Accord Dauer v. Verizon Communs. Inc.,* No. 03 Civ. 05047 (PGG), 2009 U.S. Dist. LEXIS 5182, *13-14 (S.D.N.Y. Jan. 26, 2009).  Here, the County, as a single employer-entity, imposed the disputed policy in *Lochren* on women in the Police Department and continues to rely on the same policy with respect to Officer Germain despite findings of discrimination.  It is irrelevant that the supervisory personnel who effectuated the policy in the Police Department may differ from those in the Parks Department, the policies are identical and the decision to impose it upon both groups of women was the County's.  Accordingly, the evidence that the challenged policy was found to be discriminatory is directly relevant in this case.[2]

---

[2]      It should be noted that Plaintiff's original counsel was disqualified because she previously had worked for the Suffolk County Attorney's Office and worked on the County's defense in *Lochren*.  Such objection plainly was grounded in the understanding of the *Lochren* matter's relevance to this case.

4

II.      **PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION ALLEGE THAT
         DEFENDANTS VIOLATED THE *LOCHREN* STIPULATION AND ORDER IN
         DENYING PLAINTIFF LIGHT DUTY.**

Plaintiff's Second and Third Causes of Action claims that the Stipulation and Order

applies to Police Officers in the Parks Department, and that the County's refusal to apply it to

Plaintiff constitutes Contempt of Court under Federal Rule of Civil Procedure 71 and breach of

contract.  In light of these claims, which place the Stipulation and Order itself squarely at issue,

Defendants' relevance argument is unfathomable.

III.     **CONCLUSION**

For the foregoing reasons, the June 14, 2006 *Lochren* verdict and the January 1, 2007

Stipulation and Order are relevant to Plaintiff's First, Second, and Third Causes of Action.

Defendants' objections to their introduction should be overruled.

Dated:  New York, New York
        April 24, 2009

                                        Respectfully Submitted,


                                        _____
                                        Janice Goodman (0487)
                                        LAW OFFICES OF JANICE GOODMAN
                                        275 Seventh Avenue, Suite 2300
                                        New York, New York 10001
                                        T: (212) 869-1940
                                        F: (212) 419-1510
                                        jg@janicegoodmanlaw.com


                                        _____
                                        Gillian L. Thomas (3755)
                                        LEGAL MOMENTUM
                                        395 Hudson Street
                                        New York, New York 10014
                                        T: (212) 925-6635
                                        F: (212) 226-1066
                                        gthomas@legalmomentum.org


                                        Attorneys for Plaintiff Tara B. Germain

5