**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TARA B. GERMAIN,

                              Plaintiff,

           -against-

THE COUNTY OF SUFFOLK, COMMISSIONER
RONALD F. FOLEY, individually and in his
official capacity as Commissioner of the Suffolk
County Parks Department, and DAVID BREWER,
individually and his individual capacity as Chief of
the Suffolk County Park Police,

                            Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
07-CV-2523 (ADS)(ARL)

**<u>APPEARANCES:</u>**

**LAW OFFICES OF JANICE GOODMAN**
Attorneys for the Plaintiff
275 Seventh Avenue, Suite 2300
New York, NY 10001
      By: Janice Goodman, Esq., Of Counsel

**LEGAL MOMENTUM**
Attorneys for the Plaintiff
395 Hudson Street, 5th Floor
New York, NY 10014
      By: Gillian Thomas, Esq., Of Counsel

**DEVITT SPELLMAN BARRETT**
Attorneys for the Plaintiff
50 Route 111
Smithtown, NY 11787
      By: Jeltje DeJong, Esq., Of Counsel

**CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY**
H. Lee Dennison Building, P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
        By: Chris Termini, Esq., Of Counsel

**SPATT, District Judge**.

        On June 22, 2007, Tara B. Germain ("the Plaintiff"), a Suffolk County Park

Department police officer, commenced this pregnancy and gender discrimination

lawsuit against the County of Suffolk, Suffolk County Park Department Commissioner

Ronald F. Foley, and Suffolk County Park Department Police Chief David Brewer

(collectively "the Defendants").  The Plaintiff alleges that the Defendants violated 42

U.S.C. § 2000 et seq. ("Title VII"), N.Y. Exec. Law § 296 et seq. ("NYHRL"), 42

U.S.C. § 1983 ("Section 1983"), and a Court order by enforcing a Park Department

policy that precluded pregnant officers from working light-duty assignments.  In

addition, the Plaintiff alleges that the Defendants violated Title VII, NYHRL, and

Section 1983 in failing to promote her and in retaliating against her for proceeding

with the instant lawsuit.

        Presently before the Court is the Defendants' motion for summary-judgment

dismissing the complaint in its entirety and the Plaintiff's cross-motion for summary

judgment on her retaliation claim.

# I. BACKGROUND

## A.    Lochren v. Suffolk County

In June of 2001, six female Suffolk County police officers ("the Lochren Plaintiffs") commenced a pregnancy discrimination lawsuit under Title VII and NYHRL against the County of Suffolk.  <u>Lochren v. Suffolk County</u>, 2008 WL 2039458, at *1 (E.D.N.Y. May 9, 2008).  The Lochren Plaintiffs challenged as discriminatory a Suffolk County Police Department policy that excluded pregnant officers from light-duty assignments.  <u>Id</u>.  At the time, Department policy was such that only officers suffering from a work-related injury were eligible for light-duty assignments.

After a trial, a jury determined, among other things, that the policy had a disparate impact on pregnant police officers.  On January 1, 2007, the County entered into a consent decree with the Lochren Plaintiffs effectively settling the litigation. The consent decree stated, among other things, that the Defendants—Suffolk County and the Suffolk County Police Department—may not adopt a policy that provides "pregnant officers who requested limited duty, upon presentation of a doctor's note, with fewer than six months of limited duty during the period of their pregnancies." The Court retained jurisdiction to enforce the terms of the consent decree for five years from the date of the Order.

## B.    Tara Germain's Lawsuit

The Plaintiff was hired by Suffolk County as a Park Department police officer on April 15, 2002.  On April 23, 2007, the Plaintiff met with the Chief of the Park Department Police, David Brewer, to inform him that she was pregnant.  The Plaintiff provided Brewer with a note from her physician stating that, in light of her pregnancy, the Plaintiff would not be able to perform full-duty assignments.  At the meeting, the Plaintiff requested to be assigned to light-duty.

Although Brewer indicated that there was light-duty work available and that he would try to accommodate the Plaintiff, he noted that her request would require the approval of Jeffrey Tempera, Suffolk County's Director of Labor Relations.  At the same meeting, Brewer informed the Plaintiff that she would not be promoted to sergeant, notwithstanding the fact that she was number one on the civil service eligibility list for the position.  Instead, the Park Department Police promoted Ron Brockmann.  At the time of his promotion to sergeant, Brockmann was third on the civil service eligiblity list.

On April 24, 2007, the Defendants denied the Plaintiff's request for a light-duty assignment.  The Defendants informed the Plaintiff that she was ineligible for light-duty because such assignments were reserved only for Park Department police officers who suffered from injuries sustained on the job.  Once her request for light-duty was denied, the Plaintiff took a leave of absence from her position.

In June of 2007, the Plaintiff's husband Damian Germain, a Suffolk County police officer, requested permission to transfer his accrued sick leave to his wife so that she would not have to take unpaid leave. By letter dated July 11, 2007, Tempera denied Mr. Germain's request. In his letter, Tempera noted that it would be "extremely complicated" to transfer sick leave between County employees of different bargaining units. Tempera also stated that, in any event, he would not consider Germain's request while his wife's lawsuit was pending but noted that he would attempt to accommodate Germain's request if the Plaintiff consented to withdrawing the lawsuit. From April 24, 2007 until August 5, 2007, the Plaintiff exhausted all of her accrued leave time. From August 6, 2007 until the Plaintiff returned to full-duty on April 22, 2008, she was forced to take unpaid leave. During this period, the Plaintiff was without health benefits and did not accrue seniority.

## II. DISCUSSION

### A. Standard - Summary Judgment

It is well-settled that summary judgment is proper only where no genuine issue of material fact exists to present to the trier-of-fact. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The burden of showing the absence of any genuine dispute as to a material facts rests with the party seeking summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Although the Court must

resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party, <u>Anderson</u>, 477 U.S. at 255, there is no genuine triable issue where a party fails to offer proof concerning an essential element of his case. <u>Celotex</u>, 477 U.S. at 323.

"The same standard of review applies when the court is faced with cross-motions for summary judgment." <u>Clear Channel Outdoor, Inc. v. City of New York</u>, 2009 WL 857068, at *12 (S.D.N.Y. Mar. 31, 2009) (citing <u>Morales v. Quintel Entm't, Inc.</u>, 249 F.3d 115, 121 (2d Cir. 2001)). In evaluating cross-motions for summary judgment, "[e]ach party's motion must be reviewed on its own merits, and the Court must draw all reasonable inferences against the party whose motion is under consideration." <u>Id</u>. (citing <u>Morales</u>, 249 F.3d at 121). However, "even when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party." <u>Morales</u>, 249 F.3d at 121 (citing <u>Heublein, Inc. v. United States</u>, 996 F.2d 1455, 1461 (2d Cir. 1993)).

## B.      Title VII

Title VII makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2. In 1978, Title VII was amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), to clarify that pregnancy discrimination is a form of gender discrimination prohibited by Title VII. The PDA provides that "a woman affected by

pregnancy shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work."  42 U.S.C. § 2000e(k).

Title VII permits a plaintiff to proceed under two distinct theories of discrimination: (1) disparate impact; and (2) disparate treatment.  Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15, 97 S. Ct. 1843, 1854, 52 L. Ed. 2d 396 (1977).  Disparate treatment occurs where an employer "treats some people less favorably than others" on the basis of their gender, or where a facially neutral policy merely serves as a pretext for intentional employment discrimination.  Connecticut v. Teal, 457 U.S. 440, 446, 102 S. Ct. 2525, 2530, 73 L. Ed. 2d 130 (1982).  Disparate impact claims, on the other hand, "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."  Teamsters, 431 U.S. at 335; 42 U.S.C. § 2000e-2(k)(1)(A).

Here, the Plaintiff alleges that Suffolk County has violated Title VII under both theories of discrimination.  The Plaintiff also alleges that Suffolk County violated Title VII by passing her over for a promotion to sergeant in favor of a less qualified male officer.  In addition, the Plaintiff alleges that Suffolk County's refusal to permit her husband to transfer his accrued sick leave time to her was an act of retaliation

within the meaning of Title VII.  The Court will address each of the Plaintiff's claims under Title VII in turn.

### 1. Disparate Impact

Disparate impact claims generally proceed according to a three-part analysis. Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 160 (2d Cir. 2001).  In the first part of the analysis, the Court must assess whether the Plaintiff has made a prima facie showing that an employer "uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(k)(1)(A)(I).  In order to make this showing, a plaintiff must identify a particular policy that causes an disparate impact on a protected class. Robinson, 267 F.3d at 160 (citing Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 111 (2d Cir. 2001)).  If a plaintiff can establish a prima facie case, "the burden of persuasion then shifts to the employer to demonstrate . . . that the challenged practice or policy is 'job related for the position in question and consistent with business necessity.'"  Robinson, 267 F.3d at 161 (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)).  Where an employer succeeds in establishing a business justification for the challenged policy "the burden of persuasion shifts back to the plaintiffs to establish the availability of an alternative policy or practice that would also satisfy the asserted business necessity, but would do so without producing the

disparate effect." Id. (citing U.S.C. § 2000e-2(k)(1)(A)(ii),(C), and EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1275 (11th Cir. 2000)).

The Plaintiff alleges that the Park Department's policy of limiting light-duty assignments only to those officers who suffer from occupational injuries has a disparate impact on pregnant women. Suffolk County contends that the policy does not offend the PDA because the Park Department has applied the policy consistently to all officers, whether pregnant or not, who have sought light-duty assignments because of non-occupational injuries. The County is mistaken as to the Plaintiff's appropriate comparators under the PDA.

The County would have the Court compare the Park Department's treatment of the Plaintiff to that of other non-pregnant officers who requested light-duty because of a non-occupational injury. However, the Supreme Court has recognized that the "[t]he second clause [of the PDA] could not be clearer: it mandates that pregnant employees 'shall be treated the same for all employment-related purposes' as nonpregnant employees similarly situated *with respect to their ability to work*." Int'l Union v. Johnson Controls, 499 U.S. 187, 204-05, 111 S. Ct. 1196, 1206, 113 L. Ed. 2d 158 (1991) (emphasis added). Thus, "[w]hile Title VII generally requires that a plaintiff demonstrate that the employee who received more favorable treatment be similarly situated in all respects, the PDA requires only that the employee be similar in his or her 'ability or inability to work.'" Ensley-Gaines v. Runyon, 100 F.3d 1220,

1226 (6th Cir. 1996) (quoting 42 U.S.C. § 2000e(k)) (internal citation and quotation marks omitted).

In the present context, the PDA only requires the Plaintiff to show that non-pregnant Park Department officers similarly unable to perform full-duty assignments were treated more favorably than her. It is undisputed that non-pregnant Park Department officers who are incapable of full-duty because of occupational injuries are eligible for light-duty assignments. It is also undisputed that, under the Park Department's policy, a pregnant officer unable to perform full-duty because of her pregnancy could never be eligible for a light-duty assignment. Therefore, although the pregnant officer and the non-pregnant officer are similarly situated in their inability to perform full-duty, the distinction the Park Department's policy draws between occupational and non-occupational injuries necessarily excludes pregnant women from light-duty. Under the circumstances, the Plaintiff has established a prima facie case that the Park Department's light-duty policy has a disparate impact on pregnant women. See McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (noting that a plaintiff's burden at the prima facie stage is de minimis).

Generally, where a Plaintiff carries her burden to demonstrate a prime facie disparate impact, the burden would shift to the employer to show that the challenged policy is consistent with business necessity. See Robinson, 267 F.3d at 161 (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)). However, here, the parties have not developed this

critical issue. As such, the Court finds that there are material factual issues with regard to the Plaintiff's disparate impact claim that must be resolved by a trier-of-fact. Accordingly, Suffolk County's motion for summary judgment dismissing the Plaintiff's disparate impact claim is denied.

**2. The Plaintiff's Disparate Treatment Claim**

The Plaintiff also alleges that the Park Department's light-duty policy is a form of intentional discrimination directed against pregnant officers. Under the well-settled McDonnell-Douglas burden-shifting framework, a plaintiff asserting a disparate treatment claim bears the initial burden of demonstrating a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). A plaintiff can establish a prima facie case of pregnancy discrimination by demonstrating that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action was taken under circumstances giving rise to an inference of unlawful discrimination. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995) (citations omitted).

Where a plaintiff can demonstrate a prima facie case, the employer must articulate a legitimate, non-discriminatory reason for taking the adverse employment action. Id. (citing Gallo v. Prudential Residential Services, Ltd. Partnership, 22 F.3d 1219, 1226 (2d Cir. 1994)). If the defendant can meet its burden of production, the

burden shifts to the plaintiff to demonstrate that the "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

 Here, there is no question that the Plaintiff is a member of a protected class. Nor is there any dispute that the Plaintiff suffered an adverse employment action when the Park Department denied her request for light-duty. However, Suffolk County contends that the Plaintiff was not "qualified" for light-duty and that the County's decision to deny her request does not give rise to an inference of unlawful discrimination.

 Suffolk County attempts to defeat the Plaintiff's prima facie case with the very reason it proffers to justify its decision to deny the Plaintiff's request - that she was not injured on the job and was therefore not "qualified" for light-duty under Park Department policy. However, "[w]hen an employee's failure to meet objective, employer-imposed criteria is one of the legitimate, non-discriminatory reasons advanced by an employer to dispel the inference of discrimination raised by an employee at the prima facie stage, it cannot also be used to defeat the employee's prima facie case." <u>E.E.O.C. v. Horizon/CMS Healthcare Corp.</u>, 220 F.3d 1184, 1193 (10th Cir. 2000). The Tenth Circuit has explained that "to hold otherwise would be tantamount to collapsing the first and second stages of the <u>McDonnell Douglas</u>

analysis and would deny a plaintiff the opportunity to demonstrate that the defendant's explanation for the adverse employment action is pretextual." Id. Here, because the Plaintiff has shown that she was unable to work full-duty and that there was light-duty work available, she has carried her burden to show that she was "qualified" for light-duty. With respect to the fourth and final element of the prima facie case, the Plaintiff contends that the Park Department's refusal to amend its policy in the wake of the Lochren consent decree reflects its animus towards pregnant women.

In the Lochren consent decree, Suffolk County acknowledged that a light-duty policy identical to the one enforced by the Park Department had a disparate impact on pregnant women. The Plaintiff argues that after Suffolk County entered into the Lochren consent decree, all County agencies with similar light-duty policies should have amended their policies accordingly. Although it is a close question, the Court finds that, in light of the fact that an identical County policy was found to have a disparate impact on pregnant women, the Park Department's continued enforcement of such a policy does raise at least an inference of intentional discrimination against pregnant women. With the Plaintiff having met her burden to establish a prima facie case, the analysis shifts to Suffolk County to offer a legitimate, non-discriminatory reason for why the Plaintiff was denied a light-duty assignment.

Here, Suffolk County has met its burden of production. Suffolk County has shown that the Park Department's policy is facially neutral and that it is applied even-

handedly to both pregnant and non-pregnant officers who seek light-duty assignments due to non-occupational injuries. The <u>McDonnell-Douglas</u> framework thus shifts to the Plaintiff to show that Suffolk County's non-discriminatory reason for denying her a light-duty assignment is merely a pretext for pregnancy discrimination. Here, this stage of the analysis turns on whether Suffolk County's failure to amend the Park Department's light-duty policy in light of the <u>Lochren</u> case reflects the County's animus toward women. However, courts generally cannot evaluate an employer's state of mind at the summary judgment stage. <u>Carlton v. Mystic Transp., Inc.</u>, 202 F.3d 129, 134 (2d Cir. 2000) (noting that summary judgment is generally inappropriate in employment discrimination cases where an employer's intent or state of mind are in dispute). This is a task that is more appropriately left to a trier-of-fact. Accordingly, the Defendants' motion for summary judgment dismissing the Plaintiff's disparate treatment claim is denied.

### 3. The Plaintiff's Failure to Promote Claim

The Plaintiff contends that Suffolk County violated Title VII when it passed her over for a promotion in favor of a less-qualified male officer. In order to establish a prima facie case of failure to promote, the plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the job for which she applied; (3) she was denied the promotion; and (4) the denial occurred under circumstances giving rise to an inference of discrimination. <u>Howley v. Town of Stratford</u>, 217 F.3d

141, 150 (2d Cir. 2000) (citing <u>McDonnell-Douglas</u>, 411 U.S. at 802).   If a plaintiff

establishes a prima facie case, the Court's subsequent analysis is guided by the

<u>McDonnell-Douglas</u> framework.  <u>Id</u>. (citing <u>Burdine</u>, 450 U.S. at 254-56, and

<u>McDonnell Douglas</u>, 411 U.S. at 804).

      The only factor in dispute is whether the Plaintiff was passed over for sergeant

in favor of Brockmann under circumstances giving rise to an inference of

discrimination.  The Plaintiff draws upon both statistical and circumstantial evidence

in attempting to establish a prima facie case.  First, the Plaintiff points out that while

she ranked first on the civil service eligibility list, Brockmann was only ranked third.

Second, the Plaintiff notes that of the 47 full-time police officers in the Park

Department, only six are women.  The Plaintiff also draws the Court's attention to the

fact that there are no female officers in supervisory roles within the Suffolk County

Park Department Police.

      Third, the Plaintiff contends that the evaluation process for the sergeant's

position was fraught with subjective criteria that skewed the process in favor of a male

officer.  Finally, the Plaintiff notes that Brewer informed her that she would not be

promoted to sergeant in the same meeting where she informed him that she was

pregnant.  The Plaintiff argues that the timing of this decision supports the notion that

the Park Department relied on discriminatory assumptions about pregnant women in

deciding to promote Brockmann over her.

In light of the de minimis burden imposed at this stage, the Court finds that the Plaintiff has offered sufficient evidence to establish a prima facie case. The burden, therefore, shifts to Suffolk County to articulate a legitimate, non-discriminatory reason for its decision to hire Brockmann over the Plaintiff. Here, Suffolk County has met its burden. Although Suffolk County acknowledges that the Plaintiff was qualified for the sergeant position, it points out that Brockmann was one of the top three candidates on the civil service eligibility list. The County also contends that Captain Gary Henke recommended Brockmann because he had better productivity statistics, extensive anti-terrorism and child-safety training, and experience serving as an instructor in the Department's training program. These are sufficient, non-discriminatory reasons for promoting Brockmann instead of the Plaintiff.

The burden, then, shifts to the Plaintiff to show that Suffolk County's proffered reasons for hiring Brockmann over her were not its true reasons, but were a pretext for discrimination. However, as noted above, in cases where an employer's subjective intent is at issue, summary judgment is generally inappropriate. Carlton, 202 F.3d at 134. The Court finds that this is one of those situations. There is some objective evidence—namely the Plaintiff's ranking on the civil service eligibility list—that would suggest she was a stronger candidate for promotion than Brockmann. When this evidence is considered along with her circumstantial proof of discriminatory intent, a reasonable jury could conclude that the Park Department's failure to promote

her was unlawful. On the other hand, Suffolk County has offered a plausible, nondiscriminatory reason for preferring Brockmann - his high test placement, superior training, and Henke's subjective judgment that Brockmann was better suited to the job. In this case, the competing evidence offered by the parties should be weighed by a jury. Accordingly, Suffolk County's motion for summary judgment dismissing the Plaintiff's failure to promote claim is denied.

### 4. The Plaintiff's Retaliation Claim

The Plaintiff alleges that Suffolk County's refusal to permit her husband to transfer his accrued sick leave time to her was an act of retaliation within the meaning of Title VII. In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer was aware of that protected activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998). Where a plaintiff can establish a prima facie case, the analysis proceeds according to the McDonnell-Douglas framework. See Coffey v. Dobbs Int'l Servs., Inc., 170 F.3d 323, 326 (2d Cir. 1999) (noting that the burden-shifting framework applies to retaliation claims under Title VII).

Here, the Plaintiff easily satisfies all four elements. First, the Plaintiff participated in a protected activity when she filed the instant lawsuit. Second, there is

no question that Suffolk County was aware of the lawsuit.  Third, Suffolk County took an adverse employment action against the Plaintiff when it denied her husband's request to transfer his sick leave time to her.  Fourth, Tempera's letter to the Plaintiff's husband evidences a causal connection between this lawsuit and Suffolk County's decision to deny her husband's request.  In particular, Tempera stated in his letter that he would not consider Germain's request while his wife's lawsuit was pending but noted that he would attempt to accommodate the request if the Plaintiff consented to withdrawing her lawsuit.

Suffolk County offers two legitimate, non-discriminatory reasons for why Germain's request was denied.  First, Suffolk County contends that the donation of accrued sick time is only permitted where there is undue financial hardship, a catastrophe, or a difficult pregnancy and that Germain's request did not arise from any of these situations.  Second, Suffolk County argues that Germain's request was denied because, as stated in Tempera's letter, it would have been "extremely complicated," to transfer sick leave between County employees of different bargaining units.  These reasons, if true, are legitimate and non-discriminatory.  However, there is sufficient evidence, in particular Tempera's letter, for a reasonable trier-of-fact to conclude that Suffolk County's stated reason for denying the Plaintiff's request was a pretext for unlawful retaliation.  Accordingly, the parties' cross-motions for summary judgment on the Plaintiff's retaliation claim are denied.

## C.      The Plaintiff's NYHRL Claims

NYHRL makes it unlawful for an employer to discriminate on the basis of certain characteristics including gender or to retaliate against an employee for opposing practices prohibited by the statute.  N.Y. Exec. Law § 296(a), 296(e). Employment discrimination and retaliation claims under NYHRL are analyzed under the same framework as claims brought pursuant to Title VII.  See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708 (2d Cir. 1996) (finding that claims under Title VII and NYHRL are analytically identical).  However, New York law imposes the additional requirement that a plaintiff suing a county must serve a notice of claim within ninety days after the claim arises.  See N.Y. County Law § 52; N.Y. Gen. Mun. Law § 50-e.  Here, the Defendants contend that the Plaintiff's NYHRL claims must be dismissed because she failed to serve a notice of claim.

The New York Court of Appeals has held that in an employment discrimination action under state law "the failure to timely file a notice of claim shall be fatal unless the action has been brought to vindicate a public interest or leave to serve late notice has been granted by the court."  Mills v. Monroe County, 59 N.Y.2d 307, 464 N.Y.S.2d 709 (1983).  The Plaintiff contends that her case falls within this first exception to the notice of claim requirement because, through her lawsuit, she seeks at least in part to vindicate a public interest - namely to enforce a consent decree

that would invalidate an allegedly unlawful Park Department policy. The Court agrees.

In <u>Mills</u>, the Court of Appeals found that the plaintiff was not exempt from the notice of claim requirement because her allegations related to discriminatory conduct directed solely at her. <u>Id</u>. at 312. The Court noted that her lawsuit was "properly characterized as one seeking the enforcement of private rights," because the "disposition of plaintiff's claim was not intended to nor could it directly affect or vindicate the rights of others." <u>Id</u>. Here, in addition to seeking monetary damages for allegedly discriminatory conduct directed at her, the Plaintiff is also seeking to enforce a consent decree that would arguably require Suffolk County to offer *all* pregnant Park Department police officers light-duty assignments. In this regard, the Plaintiff's lawsuit seeks to vindicate not only the Plaintiff's civil rights but the interests of other pregnant officers. Accordingly, the Court finds that the Plaintiff is exempt from the notice of claim requirement. Having resolved this threshold issue, the Court will analyze the substance of the Plaintiff's NYHRL claims.

The Court has already determined that there are material issues of fact with regard to each of the Plaintiff's claims against Suffolk County under Title VII. It follows, then, that the Plaintiff has offered sufficient evidence to proceed against Suffolk County with her claims under NYHRL because such claims are analyzed pursuant to the Title VII standards. However, the Court's analysis does not end there.

The Plaintiff has also sued Foley and Brewer in their individual and official capacities. Although Title VII does not provide for individual liability, Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004), under NYHRL, a supervisor is an "employer" for purposes of the statute if that supervisor "'actually participates in the conduct giving rise to [the] discrimination.'" Feingold, 366 F.3d 138,157 (2d Cir. 2004) (quoting Tomka v. Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995)). Here, there is no serious dispute that Foley and Brewer are supervisors. However, in order to proceed with her claims under NYHRL against Foley and Brewer, the Plaintiff must also show that both men actually participated in the alleged discrimination.

There is a clear issue of fact as to whether Brewer actually participated in the conduct giving rise to certain of the alleged acts of discrimination. Brewer had a role in promoting Brockmann and was the supervisor to whom the Plaintiff made her request for light-duty. However, there is no indication that he was involved in any way with the alleged retaliation. Accordingly, Brewer's motion for summary judgment dismissing the Plaintiff's retaliation claim under NYHRL is granted.

Although the evidence relating to Foley's involvement is even less compelling, the fact that he authored the letter denying the Plaintiff's request for light-duty raises a genuine issue as to whether he played a role in the allegedly discriminatory conduct. However, there is no evidence to suggest that Foley had any role in Brockmann's promotion or the alleged incident of retaliation. Accordingly, Foley's motion for

summary judgment dismissing the Plaintiff's failure to promote and retaliation claims under NYHRL is granted.

**D.     The Plaintiff's Section 1983 Claims**

The Plaintiff alleges that Suffolk County and the individual Defendants, Foley and Brewer, are liable under Section 1983 for violating her constitutional right to equal protection.  In order to state a valid claim under Section1983, a plaintiff must show that the conduct in question deprived her of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and that the acts were attributable at least in part to a person acting under color of state law.  Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir.  2004).  "In analyzing whether conduct was unlawfully discriminatory for purposes of § 1983, [courts] borrow the burden-shifting framework of Title VII claims."  Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).  In fact, the Second Circuit has recognized that "when [Section] 1983 is used as a parallel remedy with Title VII in a discrimination suit . . . the elements of the substantive cause of action are the same under both statutes." Jemmott v. Coughlin, 85 F.3d 61, 67 (2d Cir. 1996).  However, one critical difference between the statutes is that unlike a claim under Title VII, a Section 1983 claim may be brought against individual defendants.  Feingold, 366 F.3d at 159 n.20.  It is well-settled that plaintiffs asserting claims under Section 1983 must allege the personal involvement of each defendant.   Back v. Hastings On Hudson Union Free School

Dist., 365 F.3d 107, 122 (2d Cir. 2004) (citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977)).

The Court has already found that the individual Defendants engaged in certain conduct that could lead a reasonable trier-of-fact to conclude that they violated NYHRL. Given that Section 1983 and NYHRL claims are analyzed according to the same standard, it follows that the Plaintiff has presented sufficient evidence to permit the conclusion that the individual Defendants were personally involved in behavior that is unlawful under Section 1983. However, as noted above, the Plaintiff has failed to show that Foley and Brewer were personally involved in the acts underlying her retaliation claim or that Foley was personally involved in the decision to promote Brockmann. Accordingly: (1) Foley's motion for summary judgment dismissing the Plaintiff's failure to promote and retaliation claims under Section 1983 is granted; and (2) Brewer's motion for summary judgment dismissing the Plaintiff's retaliation claim under Section 1983 is also granted.

However, the Plaintiff may proceed with certain of her Section 1983 claims against Suffolk County. The Supreme Court has expressly rejected liability for municipal entities on a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, municipal liability attaches where a plaintiff can show that the allegedly unconstitutional state action was taken pursuant to an officially adopted policy or custom. Id. at 690.

Here, it is beyond serious contention that the Plaintiff's disparate impact and disparate treatment claims challenge state action taken pursuant to an officially adopted policy - the Park Department's light-duty policy.  The Court has already found that there are genuine triable issues as to whether the Park Department's policy violates Title VII.  It follows, then, that there are genuine triable issues as to whether the policy also violates Section 1983.  However, the Plaintiff has failed to offer evidence that the acts forming the basis of her failure to promote and retaliation claims were taken pursuant to an official policy or custom.  Accordingly, Suffolk County's motion for summary judgment dismissing the Plaintiff's failure to promote and retaliation claims under Section 1983 is granted.

**E.     Plaintiff's Claims Under the Lochren Consent Decree**

The Plaintiff alleges that Suffolk County has intentionally violated the <u>Lochren</u> consent decree**.**  The Plaintiff contends that, as a third-party beneficiary, she has standing to enforce a breach of the <u>Lochren</u> consent decree and to hold Suffolk County in contempt for its alleged violation of the consent decree.  Suffolk County counters that the Plaintiff lacks standing to assert these claims.  In particular, Suffolk County argues that the <u>Lochren</u> consent decree has no general application to all County agencies because the consent decree was only designed to settle litigation involving the Suffolk County Police Department's light-duty policy.

Under Fed.R.Civ.P. 71, "[w]hen an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party." Brennan v. Nassau County, 352 F.3d 60, 65 (2d Cir. 2003). Thus, if the Plaintiff can show that she is a third-party beneficiary of the Lochren consent decree, then she may proceed with her claims. In Lochren, the plaintiffs challenged a Suffolk County Police Department policy that excluded pregnant officers from light-duty positions. Id. At the time, the Suffolk County Police Department's policy was identical to the Park Department policy challenged here in that only officers suffering from an occupational injury were eligible for light-duty assignments.

The consent decree settling the litigation provides, in pertinent part, that "[a]t no time shall Defendants [the County of Suffolk and the Suffolk County Police Department] adopt a policy that provides pregnant officers who request limited duty, upon presentation of a doctor's note, with fewer than six months of limited duty during the period of their pregnancies." Suffolk County argues that extrinsic evidence—namely the history of the Lochren litigation—reflects that the consent decree was designed to settle litigation directed solely against the Suffolk County Police Department's light-duty policy. However, the Second Circuit has found that in interpreting a consent decree "a court is constrained to read and apply its terms 'within its four corners' and may not look beyond the document to satisfy one of the parties' purposes." United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and

Helpers of America, AFL-CIO, 978 F.2d 68, 73 (2d Cir. 1992) (quoting <u>United States</u> <u>v. Armour & Co.</u>, 402 U.S. 673, 682, 91 S. Ct. 1752, 1757, 29 L. Ed. 2d 256 (1971)). Here, the plain language of the <u>Lochren</u> consent decree is such that a reasonable trier-of-fact could conclude that it applies not simply to the Suffolk County Police Department but to Suffolk County generally. If a trier-of-fact determined that the consent decree prohibited any Suffolk County agency from enforcing such a policy, then the Plaintiff would have standing to pursue her claims. Accordingly, Suffolk County's motion for summary judgment dismissing the Plaintiff's claims under the <u>Lochren</u> consent decree is denied.

### III. CONCLUSION

Suffolk County's motion for summary judgment is: (1) granted with respect to the Plaintiff's failure to promote and retaliation claims under Section 1983; and (2) denied in all other respects.

Foley's motion for summary judgment is: (1) granted with respect to the Plaintiff's failure to promote and retaliation claims under NYHRL and Section 1983; and (2) denied in all other respects.

Brewer's motion for summary judgment is: (1) granted with respect to the Plaintiff's retaliation claims under NYHRL and Section 1983; and (2) denied in all other respects.

**SO ORDERED**.

Dated: Central Islip, New York
       May 29, 2009

                                        _/s/ Arthur D. Spatt_
                                         Arthur D. Spatt
                                  United States District Judge